# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VANCILE ARTHUR WHITE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 20-4009-KHV-ADM |
| ALLTRAN EDUCATION, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Vancile Arthur White, Jr.'s Motion to Appoint Counsel. (ECF No. 4.) For the reasons discussed below, the court denies Mr. White's request for appointment of counsel, but without prejudice to be renewed at a later procedural juncture.

## I.  BACKGROUND

On February 12, 2020, Mr. White filed a complaint against defendants Alltran Education, Inc. and Credit Adjustment, Inc., which he alleges are debt collection companies. The complaint alleges, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, he claims that he no longer owes anything on a federal student loan he took out in 1982, yet his federal income tax refunds were improperly withheld or misappropriated to pay down debt on the loan. The court granted Mr. White leave to proceed in forma pauperis ("IFP"). (ECF No. 5.)

## II.  LEGAL STANDARD

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in

forma pauperis." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court also considers whether the party has made a diligent effort to retain an attorney. *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

## III. DISCUSSION

The court first addresses Mr. White's diligence in attempting to obtain representation. Typically, a plaintiff must meet with and discuss his case with at least five attorneys before the court can conclude he made diligent efforts to secure counsel. *Jones v. Maritz Research Co.*, No. 14-2467-SAC-GLR, 2014 WL 6632929, at *2 (D. Kan. Nov. 21, 2014). Mr. White's motion states that he contacted one law office most recently on April 17, 2018, and another law office between June 2017 to March 2019. (ECF No. 4, at 2.) Based on these dates and Mr. White's comment that

these firms provided him relief until the "2019 collection started" again, it appears that Mr. White contacted these firms regarding assistance with resolving prior issues, rather than representation for the instant lawsuit. (*Id.*) Mr. White's motion also states that he contacted a company called "Simple Student Loan Solutions," as well as the federal Consumer Financial Protection Bureau ("CFPB") and the Kansas Office of the Attorney General.[1] Simple Student Loan Solutions does not appear to be a law firm, and the government agencies would not have the ability to represent Mr. White in this lawsuit. It does not appear that Mr. White has made a reasonably diligent effort to obtain counsel to represent him in this case, and his failure to do so is grounds enough to deny his request for appointment of counsel. *See, e.g.*, *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *2 (D. Kan. Feb. 6, 2014) (finding that a plaintiff conferring with only three attorneys was "adequate grounds to deny the motion for appointment").

Even if Mr. White had diligently attempted to obtain counsel, appointment of counsel is not appropriate under § 1915(e)(1). The first § 1915(e)(1) factor—the merits of Mr. White's claims—weighs against appointing counsel. A party requesting counsel has the burden "to convince the court that there is sufficient merit to [the] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115. Administrative findings in favor of a plaintiff are "highly probative" as to the merits of the plaintiff's claim. *See Coleman v. Gen. Motors*, No. 12-2305-CM, 2012 WL 13047580, at *2 (D. Kan. July 6, 2012). Mr. White's complaint alleges that he presented his claims to the CFPB and the Kansas Office of the Attorney General. (ECF No. 1 ¶

---

[1] Mr. White's contact with these entities also appears to be related to resolving prior issues (or the issues forming the basis of his lawsuit), rather than representation in the instant lawsuit.

VIII, at 5.) But he did not reference or attach findings from either agency in his favor. He therefore has not carried his burden to affirmatively establish the merit of his claims.

The second factor is the nature and complexity of the factual and legal issues in the case. Mr. White's claims relate to alleged violations of the FDCPA. The factual and legal issues do not appear to be complex. This factor also weighs against appointing counsel.

The third and final factor is Mr. White's ability to investigate the facts and present his claims. Mr. White's complaint demonstrates that he has already conducted at least some investigation. He attached documents to his complaint relating to the loan, collection efforts, and tax refunds. (*See* ECF Nos. 1-1, 1-2, 1-3.) He also previously presented his claims to both the CFPB and the Kansas Office of the Attorney General, as noted above, and he attached documents relating to those complaints. It therefore appears that he could continue his investigation and adequately present his claims to the court.

## IV. CONCLUSION

The court declines to appoint counsel for Mr. White pursuant to § 1915(e)(1) at this time. The court recognizes, however, that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson*, 2014 WL 494789, at *3. Mr. White may therefore renew his motion at a later procedural juncture.

**IT IS THEREFORE ORDERED** that plaintiff Vancile Arthur White, Jr.'s Motion to Appoint Counsel (ECF No. 4) is denied without prejudice.

**IT IS SO ORDERED.**

Dated February 20, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge