IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VANCILE ARTHUR WHITE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-4009-KHV-ADM |
| | ) | |
| ALLTRAN EDUCATION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Vancile Arthur White, Jr.'s response to the court's May 1, 2020 order to show cause, which also contains a motion for reconsideration of the court's February 20, 2020 order denying without prejudice Mr. White's motion to appoint counsel. (ECF No. 19.)  After reviewing Mr. White's response, the court directs the clerk's office to correct the docket to reflect that the second defendant named in this case is "Credit Adjustments, Inc." and to re-issue a summons to that defendant for service.  The court also denies Mr. White's motion, as discussed in further detail below.

## I.   BACKGROUND

On February 12, 2020, Mr. White filed a complaint naming alleged debt collectors Alltran Education Inc. and Credit Adjustments, Inc. as defendants.[1] (*See* ECF No. 1.)  The complaint alleges, *inter alia*, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Specifically, Mr. White claims that he no longer owes anything on a federal student

---

[1]  Mr. White refers to Credit Adjustments, Inc. as "Credit Adjustment Inc.," "Credit Adjustments Agency Inc.," and "Credit Adjustments Company" in his complaint.  (ECF No. 1; ECF Nos. 1-4, at 2, 8.)  Correspondence from Credit Adjustments, Inc. attached to the complaint establish the correct name for this defendant, and Mr. White's response to the court's order to show cause also refers to the correct name.  (ECF No. 19, at 2-3.)

loan he took out in 1982, yet his federal income tax refunds were improperly withheld or misappropriated to pay down debt on the loan.  Concurrently with his complaint, Mr. White filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1), which permits the court to appoint counsel for a litigant proceeding IFP. The court granted Mr. White leave to proceed IFP, directed the clerk's office to issue a summons for each defendant, and appointed the United States Marshals Service to effect service of the summonses and copies of the complaint.  (ECF No. 5.)  The court denied Mr. White's motion to appoint counsel without prejudice. (ECF No. 6.)

On May 1, the court entered an order to show cause (ECF No. 17.)  The court noted that defendant Credit Adjustments, Inc. was served by certified mail at the address Mr. White provided in his complaint on March 2, but that defendant had not filed an answer or otherwise entered an appearance in the case.  Mr. White had also failed to take any action with respect to the default. The court therefore ordered Mr. White to show cause in writing by May 22 why the undersigned should not recommend that the district judge dismiss his claims against Credit Adjustments, Inc. without prejudice for failure to prosecute pursuant to FED. R. CIV. P. 41(b).  If Mr. White believed that the address he provided for that defendant may have been incorrect, the court directed him to provide a new address by the same date.

On May 18, Mr. White timely responded to the court's order to show cause.  (ECF No. 19.) Within his response, Mr. White also asks the court to reconsider its decision to deny him appointment of counsel.  (*See id.* at 5.)

## II.      DISCUSSION

### A.      Response to the Order to Show Cause

Mr. White's response to the court's order to show cause is largely non-responsive and appears to focus on the substantive merits of his claims against both defendants.  He does not specifically address whether the court should refrain from dismissing his claims against Credit Adjustments, Inc. for failure to prosecute, or whether service should be attempted on a different address for that defendant.  Mr. White's response does, however, clarify that this defendant's name is incorrect on the docket.  The court directs the clerk's office to correct the docket to reflect that the second defendant named in this case is "Credit Adjustments, Inc."

Mr. White also attached various correspondence from both defendants to his response.  (*See* ECF No. 19, at 7-16.)  The court has reviewed these letters, which contain additional information relating to defendants' businesses.  The court has ascertained that defendant Credit Adjustments, Inc. may be served at the following address: 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603. The clerk's office is directed to re-issue a summons to Credit Adjustments, Inc.  Service of the summons and a copy of the complaint shall be effected by the United States Marshal or Deputy United States Marshal.

### B.      Appointment of Counsel

Mr. White's response to the court's order to show cause also asks the court to reconsider its order denying him appointment of counsel.  (ECF No. 19, at 5.)  Mr. White filed a motion to appoint counsel concurrently with his complaint.  (ECF No. 4.)  The court denied the motion without prejudice because he had not made a reasonably diligent effort to obtain representation, and appointment of counsel was not appropriate under 28 U.S.C. § 1915(e)(1) at that procedural

3

juncture.  (*See* ECF No. 6, at 2-4.)  Mr. White now contends that the difficulty of both tax law and retaining expert witnesses warrants reconsidering appointment of counsel. (ECF No. 19, at 5.)

### 1.      Reconsideration of the Court's Prior Order

To the extent that Mr. White's request is a motion to reconsider the court's prior order pursuant to D. KAN RULE 7.3(b), it is untimely and raises no valid basis for reconsideration.  A party "seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed."  D. KAN. RULE 7.3(b).  Here, the order denying Mr. White's motion to appoint counsel was entered on February 20, 2020.  Mr. White was required to file a motion for reconsideration within 14 days, *i.e.* on or before March 5.  He did not file his motion until May 18, which was well beyond the deadline.  Mr. White's motion is therefore untimely.

Even if Mr. White had timely filed his motion, reconsideration is still not warranted.  A motion for reconsideration of a prior order must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. KAN. RULE 7.3(b).  Mr. White identifies no intervening change in controlling law with respect to whether the court should appoint him counsel.  He does state in his response that the federal government enacted a new law in March 2020 providing relief to student loan borrowers in light of the COVID-19 pandemic.  (ECF No. 19 at 3.)  This law, however, has no impact on whether denying appointment of counsel was proper.

Nor has Mr. White cited any new evidence that would support reconsideration.  As noted above, Mr. White attached various correspondence to his response.  (*See id.* at 7-16.)  These documents, however, are dated between January 29, 2004 and January 17, 2020 and appear to be identical to documents Mr. White attached to his complaint.  These documents do not constitute newly available evidence or justify reconsideration of the court's prior order.

4

Finally, Mr. White has not identified any clear error or manifest injustice resulting from the court's order. Rather, Mr. White asks the court to reconsider its decision because of the complexity of tax law and the difficulty of retaining expert witnesses. (*Id.* at 5). This is not a valid basis for reconsideration under D. KAN. RULE 7.3(b). Mr. White's motion for reconsideration of the court's February 20 order denying appointment of counsel is untimely and fails to identify any recognized basis for reconsideration. The court therefore declines to reconsider its February 20 order.

### 2.    Renewed Request for Appointment of Counsel

To the extent that Mr. White's request represents a renewed motion for appointment of counsel, he still has not established that appointment is warranted under 28 U.S.C. § 1915(e)(1). In deciding whether to appoint an attorney to represent a party proceeding IFP, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The court also considers whether the party has made a diligent effort to retain an attorney. *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

In denying Mr. White's motion in February, the court stated that he could renew his motion to appoint counsel at a later procedural juncture—for example, following resolution of dispositive motions. (ECF No. 6, at 4.) As of today, defendant Alltran Education Inc.'s motion to dismiss or, in the alternative, for a more definite statement (ECF No. 20) is still pending. The court therefore has no new information from which to evaluate the Mr. White's capabilities and the merits of his claims.

As discussed above, Mr. White cites only the difficulty of tax law and retaining expert witnesses as reasons why he believes the court should appoint him counsel at this time. (ECF No. 19, at 5.) The court previously found that the factual and legal issues in this case do not appear to be complex and that Mr. White has demonstrated an ability to investigate the facts and present his claims. (ECF No. 6, at 4.) Nothing in Mr. White's motion has changed these conclusions. Although counsel could assist Mr. White "in presenting his strongest possible case," that is not enough to justify appointing counsel because "the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006). The court therefore again declines to appoint counsel for Mr. White pursuant to § 1915(e)(1) at this time. Because the court's analysis of the factors relevant to the appointment of counsel may change as the case progresses, however, Mr. White may renew his motion at a later procedural juncture—for example, following the resolution of all dispositive motions filed in this case.

**IT IS THEREFORE ORDERED** that the clerk's office shall correct the docket to reflect that the second defendant named in this case is "Credit Adjustments, Inc." The clerk's office shall re-issue a summons to Credit Adjustments, Inc., which may be served at the following address: 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603. Service of the summons and a copy of the complaint shall be effected by the United States Marshal or a Deputy United States Marshal, both of whom are appointed for such purpose pursuant to FED. R. CIV. P. 4(c)(3).

**IT IS FURTHER ORDERED** that plaintiff Vancile Arthur White, Jr.'s motion for reconsideration of the court's February 20, 2020 order (ECF No. 19) is denied. The court declines to appoint counsel for Mr. White at this time for the reasons discussed above.

**IT IS SO ORDERED.**

Dated June 12, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
