#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VANCILE ARTHUR WHITE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| ) | |
| v. ) | **No. 20-4009-KHV** |
| ) | |
| **ALLTRAN EDUCATION INC. and** ) | |
| **CREDIT ADJUSTMENTS INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

On February 12, 2020, Vancile Arthur White, Jr. filed suit pro se against Alltran Education Inc. and Credit Adjustments Inc. Civil Complaint (Doc. #1). As best the Court can ascertain, plaintiff alleges that to repay his federal student loan, defendants improperly garnished two federal income tax refunds. Id. This matter is before the Court on Alltran's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Or, In The Alternative, Motion For A More Definite Statement (Doc. #20) filed May 22, 2020.[1] For reasons stated below, the Court dismisses plaintiff's complaint without prejudice.

### Factual Background

Although unclear, plaintiff's form complaint apparently alleges that defendants collected his 2017 and 2018 tax refunds to satisfy a student loan debt from 1982, which he asserts he no

---

[1] Plaintiff did not respond to defendant's motion to dismiss. Pursuant to D. Kan. R. 7.4(b), if plaintiff fails to timely respond to a motion to dismiss, the Court will consider and decide the motion as uncontested and, "[o]rdinarily, the Court will grant the motion without further notice." Because the Court prefers to decide motions on their merits, however, it will address the sufficiency of plaintiff's complaint.

longer owed.  The complaint purports to bring claims under various federal statutes,[2] including 42 U.S.C. § 1983, the Fair Debt Collection Practices Act (FDCPA), 25 U.S.C. § 1692, and the Federal Trade Commission Act (FTCA), 15 U.S.C. §§ 41-58.[3]

Plaintiff attaches four exhibits to his complaint.  Largely overlapping with the others, the last exhibit includes 147 pages of documents which generally fall under two categories.  See Complaint Exhibits Case Number 20-4009-KHV-ADM (Doc. #1-4).  The first category is approximately 12 single-spaced pages of additional, jumbled allegations on issues ranging from the student loan to elder abuse in a nursing home.  The second category is approximately 135 pages of random documents, including letters, tax forms and complaints filed with other courts and administrative agencies.  Plaintiff does not explain the significance of any of these documents.

## Legal Standards

To state a claim for relief, Rule 8(a)(2), Fed. R. Civ. P., requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, each allegation must be "simple, concise, and direct."  Fed. R. Civ. P 8(d)(1).  Rule 8 establishes a floor and a ceiling: "It is sufficient, *and indeed all that is permissible,* if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  Frazier v. Ortiz, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis in original) (citations omitted).  This rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).  If the complaint fails to comply with Rule 8, the Court may dismiss the

---

[2]   Although plaintiff consistently uses the term "defraud," his complaint leaves unclear whether he also asserts fraud claims.

[3]   The complaint states, "The undue hardships, theft by deception, defrauded against F.T.C. [and] F.D.C.P.A."  Civil Complaint (Doc. #1) at 3.

action with or without prejudice under Rule 41(b), Fed. R. Civ. P. Fontana v. Pearson, 772 F. App'x 728, 729 (10th Cir. 2019). The Court can do so sua sponte or on defendants' motion to dismiss. Id.

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must therefore contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 679. However, plaintiff must show more than a sheer possibility that defendants have acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). Moreover, the Court need not accept as true those allegations which state only legal conclusions. Id. Rather, plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678.

Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context; what constitutes fair notice under Fed. R. Civ. P. 8(a)(2) depends on the type

of case.  Robbins v. Okla., 519 F.3d 1242, 1248 (10th Cir. 2008).  To determine whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.  Although the Court liberally construes pleadings from a pro se plaintiff, it does not assume the role of plaintiff's advocate.  United States ex rel. Brathwaite v. Kansas, No. 19-2265-KHV, 2020 WL 837431, at *1 (D. Kan. Feb. 20, 2020).

## Analysis

Plaintiff's complaint violates Rule 8(a)(2), Fed. R. Civ. P., by failing to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  First and foremost, the form complaint itself is insufficient.  Beyond vaguely alleging that plaintiff's 2017 and 2018 tax refunds were taken[4] to repay student loan debt which he no longer owed, the complaint is devoid of the supporting facts necessary to state a claim.  Plaintiff does not allege who owned the debt, when and how the debt was eliminated, who received the tax refunds or why, and most importantly, defendants' role in any of it.  In fact, after naming the two defendants at the top of the complaint, he does not mention them again.  In short, plaintiff's complaint is missing the who, what, where, when, why and how required to state a plausible claim for relief.

Plaintiff's 147-page exhibit does not cure these defects.  The approximately 12 pages of additional written allegations only further confuse matters by randomly mixing in lengthy discussions of seemingly unrelated issues, and plaintiff makes no effort to explain the significance of the remaining 135 pages of documents.  Such a pleading violates Rule 8.  See Frazier, 2007 WL 10765, at *2 (136-page amended complaint insufficient under Rule 8 in part because it included unnecessary detail and wasted dozens of pages on repetitive information).  Although the Court

---

[4]  As the Court explains below, plaintiff does not allege who exactly received the tax refunds.

liberally construes plaintiff's complaint, it is not the Court's responsibility to comb through his exhibits to identify and extract facts which may support an actionable claim. See Brathwaite, 2020 WL 837431, at *1 (court is not pro se plaintiff's advocate).

Accordingly, the Court dismisses plaintiff's complaint without prejudice. If plaintiff seeks leave to file an amended complaint, he must file a motion by June 29, 2020 in compliance with D. Kan. R. 15.1. In his amended complaint, plaintiff must omit exhibits and assert all factual allegations in the amended complaint itself. In a short and plain fashion, plaintiff's allegations must explain the factual basis for any alleged cause of action, including the origin of the student loan, the entity to which he owed the debt, how that debt was allegedly resolved, the entity that received his tax refunds, how it did so and, most importantly, each defendant's role in all of it. Moreover, plaintiff must fully and clearly identify the causes of action which he asserts.

**IT IS THEREFORE ORDERED** that plaintiff's Civil Complaint (Doc. #1) is **DISMISSED without prejudice. If plaintiff seeks leave to file an amended complaint, he must file a motion by June 29, 2020 in compliance with D. Kan. R. 15.1.**

Dated this 18th day of June, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge