## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| VANCILE ARTHUR WHITE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-4009-KHV |
| | ) | |
| ALLTRAN EDUCATION INC. and | ) | |
| CREDIT ADJUSTMENTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On July 21, 2020, Vancile Arthur White, Jr. filed an amended complaint pro se against Alltran Education Inc. ("Alltran") and Credit Adjustments Inc. ("CAI") alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the Federal Trade Commission Act, 15 U.S.C. § 41 et. seq.   Amended Complaint (Doc. #30).   This matter is before the Court on CAI's Motion To Dismiss For Failure To State A Claim (Doc. #31) and Alltran's Motion To Dismiss For Failure To State A Claim (Doc. #34), both filed August 14, 2020. Plaintiff did not respond to either motion.   Pursuant to D. Kan. R. 7.4(b), if plaintiff fails to timely respond to a motion to dismiss, the Court will consider and decide the motion as uncontested and ordinarily "grant the motion without further notice."   For this reason and for substantially the reasons stated below, the Court sustains defendants' motions.

### Factual And Procedural Background

On February 12, 2020, plaintiff filed his initial complaint.   On June 18, 2020, the Court sustained Alltran's motion to dismiss for failure to state a claim.   See Memorandum and Order (Doc. #23).   The Court dismissed plaintiff's complaint without prejudice because it failed to

provide a short and plain statement of the claim showing that he was entitled to relief.   See id. at

4.   The Court admonished plaintiff that if he sought to amend his complaint he must "explain the

factual basis for any alleged cause of action, including the origin of the student loan, the entity to

which he owed the debt, how that debt was allegedly resolved, the entity that received his tax

refunds, how it did so and, most importantly, each defendant's role in all of it."   Id. at 4–5.   The

Court noted that "plaintiff must fully and clearly identify the causes of action which he asserts."

Id. at 5.   On July 31, 2020, plaintiff filed an amended complaint.   Amended Complaint

(Doc. #30).[1]   It alleges as follows:

In 1982, plaintiff obtained a student loan and signed a promissory note with American

International Bank.   "South Bay College of Business," Student Aid Commission and Bank of

America perhaps participated in the debt.   Plaintiff does not allege the relationship between any

of these entities and Alltran or CAI.

In 2012, after experiencing garnishment in Kansas and California, plaintiff sought legal

counsel to assist him in stopping future garnishments.   To avoid bankruptcy, plaintiff consulted

with attorneys "for a couple of years."

In 2016, a student loan forgiveness company, Simple Solutions, contacted plaintiff.   After

consulting with his lawyer, plaintiff sent Simple Solutions $600 for a loan forgiveness program.

---

[1]     To the complaint, plaintiff attaches 23 pages of documents that allegedly "identify
the cause of action."   The documents include the following: an illegible document that appears to
be from the Department of Education, a promissory note for $2,341.67 between plaintiff and
American International Bank, a bill from a law office, a history of funds held in a trust account
from March of 2012 to September of 2017, a letter from Simple Student Loan Solutions,
handwritten phone numbers, a letter from Lexington Law, a letter from Financial Asset
Management Systems, Inc., letters from Alltran, letters from the Department of the Treasury,
letters from CAI, a credit report from Experian, a credit report from Equifax and a credit report
from TransUnion.

Plaintiff understood that with this payment, his debt would be "wipe[d] clean completely satisfied and forgiven" and that the debt would no longer appear on his credit reports.   After a few weeks passed, at the direction of his attorney, plaintiff filed his tax returns for 2013, 2014, 2015 and 2016. Plaintiff received $10,040 in tax refunds without garnishment.

In 2018, plaintiff filed tax returns for 2017 and 2018.[2]   He did not receive tax refunds for either year because Alltran garnished them or the Department of the Treasury (on behalf of the Department of Education) garnished them.   Plaintiff asserts that CAI was involved with his tax garnishment as follows:

> Especially when a role of a new collections agency Credit Adjustments Inc, [sic] are now in currently 2020 also involved in this suit for damages interjecting themselves further and in future's garnishments like wize [sic] just like the role of the other name defendants actions, Alltran Inc, collecting agency has retroly [sic] pulled off not owed garnishment and that occur and has hapoen [sic] in just the past two year of time period 2018.

Amended Complaint (Doc. #30) at 5.

Plaintiff asserts that the garnishment of his 2017 and 2018 tax refunds was improper because: (1) his 2013, 2014, 2015 and 2016 tax refunds were ungarnished, (2) his credit reports reflected a zero balance on the student loan debt and (3) student loan debt only lasts seven to ten years and, because plaintiff's debt is 38 years old, collection is time-barred.   Plaintiff also implies that his loan forgiveness program with Simple Solutions should have resolved the debt.

## **Legal Standards**

To state a claim for relief, Rule 8(a)(2), Fed. R. Civ. P., requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Additionally, each allegation

---

[2]        It is unclear whether plaintiff refers to tax returns filed for fiscal-year 2017 and 2018, or filed in 2017 and 2018 for the prior fiscal years, i.e. fiscal-years 2016 and 2017.

must be "simple, concise, and direct."   Fed. R. Civ. P. 8(d)(1).   This rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."   Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).   If the complaint fails to comply with Rule 8, the Court may dismiss the action with or without prejudice under Rule 41(b), Fed. R. Civ. P.   Fontana v. Pearson, 772 F. App'x 728, 729 (10th Cir. 2019).   The Court can do so sua sponte or on defendants' motion to dismiss.   Id.

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.   Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).   To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face.   Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.   Iqbal, 556 U.S. at 679.   The Court need not accept as true those allegations which state only legal conclusions.   See id.

Plaintiff bears the burden of framing his claim with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.   See Twombly, 550 U.S. at 556.   Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct.   Iqbal, 556 U.S. at 678.   Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability.   Id.   (quoting Twombly, 550 U.S. at 557).   A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.   Id.   Similarly, where the

-4-

well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief.  Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes.  Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).   The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).   In addition to the complaint, however, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting Jacobsen, 297 F.3d at 941).

While the Court liberally construes pleadings from a pro se plaintiff, it does not assume the role of plaintiff's advocate.   United States ex rel. Brathwaite v. Kansas, No. 19-2265-KHV, 2020 WL 837431, at *1 (D. Kan. Feb. 20, 2020).

## Analysis

Plaintiff has attempted to assert claims under the FDCPA and the Federal Trade Commission Act.[3]   Defendants argue that plaintiff's allegations are legally insufficient to state a

---

[3]      Plaintiff also attempts to assert a cause of action under "a list of Civil Actions reminds [sic] rights of Consumers have under State and Federal law protections rights in also violations of the Consumer Financial Protection Division. Current 2020 case no. -200-109-466-2863."  Amended Complaint (Doc. #30) at 6.  Because plaintiff does not cite a state or federal

(continued. . .)

claim under any theory because he has not asserted the role that they played in the garnishment of his tax refunds.  <u>Motion To Dismiss For Failure To State A Claim</u> (Doc. #31) at 7– 8; <u>Motion To Dismiss For Failure To State A Claim</u> (Doc. #34) at 4.   As noted, the Court directed plaintiff to, among other things, identify "the entity that received his tax refunds, how it did so and, most importantly, each defendant's role in all of it."   <u>Memorandum and Order</u> (Doc. #23) at 5. Plaintiff's amended complaint does not address these issues and fails to allege sufficient factual content to support a plausible theory of relief against either CAI or Alltran.

Plaintiff attaches letters from the Department of the Treasury to his amended complaint. The letters show that the Department of the Treasury, on behalf of the Department of Education, garnished plaintiff's tax refund.  <u>Amended Complaint</u> (Doc. #30) at 19–20 (Department of the Treasury "applied your payment [from Internal Revenue Service] to debt that you owe to the following agency: U.S. Department of Education").   Aside from asserting that the documents "identify the cause of action," plaintiff does not refer directly to the attachments in his complaint, and he does not allege how the attachments identify the role CAI or Alltran played in the tax garnishments.

Plaintiff generally alleges that "defendants" are responsible for "initiat[ing] and [o]rchestrating" the wrongful garnishment.  <u>Amended Complaint</u> (Doc. #15) at 6.  However,

---

[3] (. . .continued)

law, however, the Court cannot ascertain under which laws, if any, plaintiff claims a cause of action.

While it is unclear, plaintiff appears to allege a cause of action under the Federal Trade Commission Act ("FTCA").   <u>See Amended Complaint</u> (Doc. #30) at 6 (arguing defendant's conduct is "against well intact laws of the [. . .] the Federal Trade Commission").   However, it is well settled that the FTCA does not afford a private right of action.   <u>Drake v. Sometime Spouse, LLC</u>, 784 F. App'x 602, 604 (10th Cir. 2019).

plaintiff does not explain how CAI and Alltran could simultaneously garnish plaintiff's tax refund, nor does plaintiff allege which entity purportedly received the tax refund.   As to CAI, plaintiff alleges that it is "now in currently 2020" "also involved" and has "interject[ed]" itself in the alleged wrongful garnishment.   Id. at 5.   This allegation is insufficient to explain how CAI was involved with the garnishments.   As to Alltran, plaintiff alleges that it "did willingly conduct" a garnishment of his 2017 and 2018 tax refunds.   This conclusory allegation is likewise insufficient to explain Alltran's role in garnishing plaintiff's tax refund.

Plaintiff alleges that collection of his student loan debt is untimely.   See Amended Complaint (Doc. #30) at 4 (asserting that student loan debt only lasts seven to ten years).   That student loans are no longer governed by a statute of limitations is beyond debate.   United States v. Distefano, 279 F.3d 1241, 1243–44 (10th Cir. 2002) (six-year statute of limitations abrogated in 1991 by retroactive, constitutional statute).   Plaintiff cites no authority to the contrary.   In any event, plaintiff has not alleged how CAI or Alltran was involved with the garnishment.   Plaintiff's claims are therefore dismissed.

**IT IS THERFORE ORDERED** that CAI's Motion To Dismiss For Failure To State A Claim (Doc. #31) filed August 14, 2020 and Alltran's Motion To Dismiss For Failure To State A Claim (Doc. #34) filed August 14, 2020 are **SUSTAINED.   Plaintiff's Amended Complaint (Doc. #30) filed July 31, 2020 is hereby dismissed with prejudice.**

Dated this 2nd day of October, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge